MENDEZ v. SCHLEUTER.

(*City Court of Brooklyn, General Term.* March 24, 1890.)

1. PARTNERSHIP—DEBTS—INDIVIDUAL ASSETS.

One member of a partnership cannot call upon the other to contribute out of his individual property to the payment of a firm debt, when there are sufficient firm assets to pay all debts in full, in the absence of an express or implied agreement to make such contribution.

2. SAME—IMPLIED CONTRACT.

Such an agreement cannot be implied from the fact that the partner from whom the contribution is sought, upon selling out his interest in the partnership business, either fraudulently or innocently omitted to call the purchaser's attention to the debt in question.

Appeal from trial term.

Action by Jesus Mendez against Sarah Schleuter, as executrix of Gustav Schleuter. There was judgment for defendant, and plaintiff appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

F. A. Ward, for appellant. Harry Wilber, for respondent.

VAN WYCK, J. Gustav Schleuter and Mendez were equal partners in business up to October 26, 1883. It appears that the value of their assets (excluding the good-will) exceeded their indebtedness by about $19,200. These assets, as between the partners, were primarily liable for all the debts of the firm. One member cannot call upon the other to contribute out of his individual property to the payment of a firm debt so long as there are sufficient assets to pay all the partnership debts in full. This rule will defeat Mendez's effort to recover from the Schleuter estate one-half of the Wahl debt of the firm for $310.50, which plaintiff claims to have paid out of his individual estate, unless Schleuter, by express or implied contract, agreed with plaintiff to contribute from his individual property one-half of this claim, though the assets of the firm were more than sufficient to pay all the debts, including this one. October 26, 1883, Schleuter sold his interest in this copartnership to Jauregui for $10,000. This price seems to have been fixed upon by estimating the value of Schleuter's interest from the firm books, and allowing $800 for the good-will. Schleuter then retired from the business, and in a few weeks died. "A partner has no specific interest in any particular chattel or asset or part of the property of the firm; his only interest is in a proper proportion of the surplus, * * * after payment of debts, including the amounts due the other partners." Bates, Partn. § 180. A purchaser of the interest of one partner takes subject to all debts and liabilities, (Id. § 183;) and he has no right to participate in the winding up of the business, and his only right is to receive his share of the surplus, when ascertained. The remaining partner is charged with the duty of collecting credits, paying debts, and disposing of the assets. Id. §§ 756, 1111. When one partner sells his interest with consent of the other, "but makes no bargain as to the debts, the continuing partners are impliedly bound to save him harmless to the extent

of the assets they have received." Id. § 634. "Where a partner sells his interest to a stranger, or it is sold upon execution against him, his right to have the partnership debts paid, and his liability therefor discharged, out of the property, is not divested by the sale. * * * Partnership debts have in equity an inherent priority of claim to be discharged from the partnership property." *Menagh* v. *Whitwell*, 52 N. Y. 147. The trial court has found that Schleuter sold his interest in the firm to Jauregui, and the plaintiff did not request the court to find otherwise, and in his printed points asserts and admits the correctness of this finding. This left Mendez with sole right to liquidate the affairs of the partnership, and with more than sufficient assets to pay all the debts of the firm, and realize a handsome surplus to be divided equally between himself and Jauregui, the assignee of Schleuter. So far it is manifest there was no word or act of Schleuter from which it can be implied there was a contract between Schleuter and Mendez that the former should pay the latter one-half of this Wahl claim so long as the firm assets were more than sufficient to pay all the debts. Mendez insists that such an agreement can be implied from the circumstances that, in estimating the value of Schleuter's interest for the purpose of fixing upon the price that Jauregui should give him for the same, the Wahl claim was not taken into consideration; that Schleuter, either innocently or fraudulently, failed to call it to the attention of Jauregui. We do not see how this can help the plaintiff. The strongest inference that can be drawn from this circumstance is that Jauregui was induced by the mutual mistake of himself and Schleuter, or by the fraud of the latter, to pay to the latter about $155.25 more than the former agreed, or rather would have agreed, to pay for this interest. Jauregui alone was injured by this, and, if it is such a wrong as can be righted according to the rules of law or equity, then let him assert his right in that respect. He is not a party to this action, and we are not called upon to consider that question. For the foregoing reasons the judgment must be affirmed, with costs.